J-S38026-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TYREEK AZIZ MULDROW | : | |
| | : | |
| Appellant | : | No. 1054 EDA 2022 |

Appeal from the PCRA Order Entered March 3, 2022
In the Court of Common Pleas of Lehigh County Criminal Division at
No(s):  CP-39-CR-0002755-2015

BEFORE:  KUNSELMAN, J., MURRAY, J., and SULLIVAN, J.

CONCURRING MEMORANDUM BY KUNSELMAN, J.:  **FILED JANUARY 4, 2023**

I agree with the Majority decision. I write separately to address a procedural issue that remains unresolved in our law.  In **Commonwealth v. Bradley**, 261 A.3d 381, 401 (Pa. 2021), our Supreme Court held that "a PCRA petitioner may, after a PCRA court denies relief, and after obtaining new counsel or acting *pro se*, raise claims of PCRA counsel's ineffectiveness at the first opportunity to do so, even if on appeal."   This decision ensured that defendants would have competent counsel through the entirety of their legal proceedings, including a first, counseled PCRA petition.

In **Commonwealth v. Parrish**, 273 A.3d 989, 1002 (Pa. 2022) the high court expanded on **Bradley**, noting that when a defendant raises ineffectiveness of PCRA counsel for the first time on appeal, a remand to the PCRA court may be necessary when there are "material facts at issue concerning claims challenging counsel's stewardship and relief is not plainly

unavailable as a matter of law." The court also stated that Rule of Appellate Procedure 302(a) which provides that "issues no raised in the trial court are waived and cannot be raised for the first time on appeal" does not pertain to this scenario. **Id**.

Absent from these decisions, however, is how or exactly when a PCRA petitioner must raise the issue of PCRA counsel's ineffectiveness. Notably, in **Parrish**, the petitioner filed a *pro se* amended 1925(b) concise statement of issues on appeal. Writing for the majority, Justice Donahue found that Parrish "adequately raised and preserved his layered claim of the ineffective assistance of trial and initial PCRA counsel by raising it at the first opportunity to do so, specifically in his [Rule] 1925(b) Statement and in his brief filed with [the Supreme Court] in this appeal." **Parrish**, 273 A.3d at 1002.

Here, the Appellant did not raise the issue until the filing of his appellate brief. Since our high court in **Bradley** and **Parrish** held the petitioner must raise the issue of PCRA counsel's ineffectiveness "at the first opportunity to do so," and since the Commonwealth did not claim that Appellant waived his claim by not raising it sooner (*i.e.*, in his original or an amended 1925(b) statement), I believe Appellant satisfied the requirement by raising it for the first time in his appellate brief. **Compare Commonwealth v. Womack**, 2022 WL 17099016 (Pa. Super. 2022) (non-precedential decision) (agreeing with the Commonwealth's waiver argument when the petitioner did not raise his claim of PCRA counsel's ineffectiveness in his Rule 1925(b) statement, but rather, for the first time in his appellate brief).

I realize that the issue of PCRA's counsel's ineffectiveness may rise not only at the proceeding in the PCRA court, but also during the appeal of the PCRA petition. As such, the "earliest possible opportunity" may vary depending on the circumstances. I caution defendants and their counsel to be wary of this and not delay in raising the issue; otherwise, the issue may be waived.

Judge Sullivan joins the concurring memorandum.